**SO ORDERED.**

**SIGNED this 18 day of July, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

MARY S. COREY,                                      CHAPTER 13
                                                    CASE NO. 13-03081-8-RDD
    DEBTOR

### ORDER AVOIDING JUDICIAL LIEN AS TO DEBTOR'S INTEREST

Pending before the Court is the Motion by Debtor to Avoid Lien filed by Mary S. Corey (the "Debtor") on June 5, 2013 (the "Motion").

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 13, 2013. The Debtor and her non-debtor spouse own real property as tenants by the entirety, located at 2000 Old Fire Tower Road, Greenville, North Carolina 27858 (the "Residence").

The Residence is encumbered by a first lien deed of trust in favor of Stonegate Mortgage, which secures indebtedness with an unpaid balance of $276,522.00, as of the petition date. Citibank, N.A. ("Citibank") holds a judicial lien against the Debtor, individually, pursuant to a judgment referenced in file 10-CVD-960 in the Office of the Clerk of Court of Pitt County in the amount of $3,954.00.[1]

---

[1] Citibank's judgment is docketed solely against the Debtor, not her non-filing spouse.

The Debtor claimed a residential exemption in the Residence in the amount of $0.00 pursuant to N.C.G.S. § 1C-1601(a)(1). However, she could claim up to $35,000.00 pursuant to N.C.G.S. § 1C-1601(a)(1) and *Botkin v. DuPont Cmty. Credit Union*, 650 F.3d 396 (4th Cir. 2011). The Debtor did not claim the tenancy by entirety exemption. As of the petition date, the Debtor scheduled the Residence with a value of $280,000.00.

The issue before the Court is whether an individual debtor who owns property as a tenant by entirety with her non-debtor spouse, may avoid a judicial lien against debtor, individually, as to her future interest in the property after the tenancy by the entirety is severed.

The Supreme Court has long recognized one of the policies of the Bankruptcy Code is to provide debtors with a "fresh start." *Williams v. U.S. Fid. & Guar. Co.*, 236 U.S. 549, 554-55 (1915) (citations omitted). Further, the Supreme Court has affirmed that "exemptions in bankruptcy cases are part and parcel of the fundamental bankruptcy concept of a 'fresh start.'" *Schwab v. Reilly*, 130 S.Ct. 2652, 2667 (2010) (citations omitted).

"The purpose of § 522(f) is to protect a debtor's exemption, his discharge and his fresh start by permitting him to avoid a judicial lien on any property to the extent that the property could have been exempt in the absence of the lien." *In re Levinson*, 372 B.R. 582, 586 (Bankr. E.D.N.Y. 2007) (citing to S.Rep. No. 95-989, at 76 (1978) *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5862; H.R.Rep. No. 95-595, at 126-127 (1997), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6087-6088. A debtor may "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is (A) a judicial lien . . . ." 11 U.S.C. § 522(f)(1)(A).

Only federal law provides for avoidance of the judicial lien and trumps state law in order to provide the "fresh start." The North Carolina General Statutes do not provide for avoidance of the judicial lien if it impairs an exemption. Only federal bankruptcy law provides such a mechanism. Section 522(f)(2)(a) of Title 11 provides a "federal definition of impairment . . . and, in light of [its] explicit language, we no longer look to state law to define impairment." *In re Brinley*, 403 F.3d 415, 421 (6th Cir. 2005) (citation omitted). The issue of whether a lien impairs an exemption is determined by federal law. *See David Dorsey Distrib., Inc. v. Sanders* (*In re Sanders*), 39 F.3d 258, 260-61 (10th Cir. 1994); *E.C. Henderson v. Belknap*, (*Matter of Henderson*), 18 F.3d 1305, 1308 (5th Cir. 1994); *City Nat'l Bank v. Chabot*, (*In re Chabot*), 992 F.2d 891, 894 (9th Cir. 1993).

> Section 522(f) was enacted when Congress rewrote the Code's exemption provisions in the Bankruptcy Reform Act of 1978. Recognizing that exemptions are critical to providing the bankruptcy debtor a "fresh start" and that state exemption laws were often inadequate for this purpose, Congress created alternative federal exemptions . . . and then added § 522(f) to permit the debtor to avoid judicial liens that impair exempt property. This avoidance power allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy . . . . Initially, §522(f) did not define when a judicial lien impairs an exemption, which led to a variety of inconsistent judicial interpretations. In 1994, Congress added the formula in §522(f)(2)(A), intending to bring order out of the prior chaos.

*Kolich v. Antioch Laurel Veterinary Hosp.* (*In re Kolich*), 328 F.3d 406, 407 (8th Cir. 2003) (internal citations omitted).

Pursuant to 11 U.S.C. § 522(f)(2)(A), "a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A).

3

Under North Carolina law, tenants by the entirety is a form of ownership where the husband and wife are each "deemed to be seized of the entire estate, with neither spouse having a separate or undivided interest therein." *Boyce v. Boyce*, 60 N.C. App. 685, 689, 299 S.E.2d 805, 807-808 (1983) (citing *Davis v. Bass*, 188 N.C. 200, 124 S.E. 566 (1924); *Wall v. Wall*, 24 N.C. App. 725, 212 S.E.2d 238 (1975)). The filing of a bankruptcy petition by one spouse does not sever the tenancy by the entirety. *Greenblatt v. Ford*, 638 F.2d 14, 14-15 (4th Cir. 1981).

In North Carolina, a judgment lien against only one spouse does not extend to real property held as tenants by the entirety. 2 James A. Webster, Jr., Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 20-4 (6th ed. 2011). A judgment lien against both spouses on a joint debt will attach to tenants by the entirety property. *Id.* Here, because the judgment is against the Debtor individually and not her non-debtor spouse, the judgment does not attach to the Residence as it is presently held by the Debtor and her non-filing spouse as tenants by entirety.

However, the § 522(f) analysis is complicated by operation of North Carolina law, which provides that upon the severance of the tenancy by entirety, any valid judgments against an individual will attach to the real property now held by the individual. *Johnson v. Leavitt*, 188 N.C. 682, 125 S.E. 490, 492 (1924); *Martin v. Roberts*, 177 N.C. App. 415, 419, 628 S.E. 812, 815 (2006) ("Once the tenancy by entirety has been dissolved . . . a creditor's judgment lien may attach to an individual spouse's interest in the new estate."). Specifically,

> upon the death of either, the survivor acquires the entire legal title to such property, and the liens of the several judgments held against the survivor, if still active and unsatisfied, would then attach to said property eo instante, and at the very moment when the title vests in the judgment debtor in his or her individual right.

*Johnson v. Leavitt*, 188 N.C. at 682,125 S.E. at 492. Thus, were the Debtor's non-filing spouse to precede her in death or the tenancy by entirety be otherwise severed, Citibank's judicial lien would attach to the Residence at that time.

Pursuant to 11 U.S.C. § 541(a), "all legal or equitable interests of the debtor in property as of the commencement of the case" are property of the estate." *In re Staples*, 2000 WL 33673800 at * 2 (Bankr. M.D.N.C. 2000) (citation omitted). The Fourth Circuit has determined that a debtor's interest in entireties property is property of the estate under the broad reach of 11 U.S.C. § 541(a). *Id.* (citing *In re Cordova*, 73 F.3d 38, 40 (4th Cir. 1996)).

Accordingly, the Debtor's interest in the entireties property is property of the estate pursuant to 11 U.S.C. § 541(a). Therefore, 11 U.S.C. § 522(f) applies only as to the Debtor's interest in the Residence. *Id.* The Debtor uses the property as her residence and as a co-tenant by entirety owner, Debtor is entitled to the whole title interest, just as the non-debtor spouse.

Because the Debtor owns a tenancy by entirety with her non-debtor spouse, the Residence is property of the estate pursuant to 11 U.S.C. § 541(a) and 11 U.S.C. § 522(f) applies as follows: as to the property located at 2000 Old Fire Tower Road, Greenville, North Carolina 27858 the total aggregate of the liens ($280,476.00) and the value of the exemption the Debtor could claim of $35,000.00 is equal to $315,476.00, which exceeds the value ($280,000.00) of the Debtor's interest in the property by $35,476.00. Because that sum is greater than or equal to the amount of the $3,954.00 judicial lien sought to be avoided, the judicial lien impairs an exemption pursuant to 11 U.S.C. § 522(f) and the Debtor is entitled to avoid the entire judgment of Citibank, but only as to the Debtor's interest in the Residence at the time the Debtor acquires such fee simple interest free and clear of the entirety attributes, and not as to her non-debtor spouse's interest. So long as the

5

Debtor owns a tenancy by entirety survivorship interest, tenancy in common, or fee simple interest in this property, the judgment lien cannot be enforced against the Debtor's interest and is avoided. This analysis furthers the policy of providing debtors with a "fresh start." *See*, *Williams v. U.S. Fidelity & G. Co.*, 236 U.S. 549, 554-55 (1915).

Therefore, it is **ORDERED** that the judicial lien held by Citibank, and referenced in file 10-CVD-960 in the Office of the Clerk of Court of Pitt County, is **AVOIDED** in its entirety and **CANCELED** only as to the Debtor's interest[2] in the real property described as 2000 Old Fire Tower Road, Greenville, North Carolina 27858.[3]  The judicial lien shall have no further force or effect as to the Residence, **UNLESS** pursuant to 11 U.S.C. § 349(b)(1)(B), this case is dismissed or pursuant to 11 U.S.C. § 348(f)(1)(B), this case is converted to a chapter 7 proceeding.

**SO ORDERED.**

**END OF DOCUMENT**

---

[2]In *United States v. Craft*, 535 U.S. 274, 278 (2002), the Supreme Court discusses the common idiom used to describe property as a "bundle of sticks." The "bundle of sticks" consists of "individual rights which, in certain combinations, constitute property." *Id.* at 278. (citation omitted). The Court notes that tenants by the entirety have a right of survivorship in that "[u]pon the death of one joint tenant, that tenant's share in the property does not pass through will or the rules of intestate succession; rather, the remaining tenant or tenants automatically inherit it." *Id.* Unilateral alienation of one spouse's interest in entireties property is not typically possible without severance. *Id.* at 281. Severance generally requires "the consent of both spouses . . . or the ending of the marriage in divorce." *Id.* at 281.

[3] Since the judicial lien is against the Debtor individually, the judicial lien does not attach to the Residence held in tenancy by entirety. Should the tenancy by entirety be severed by divorce, the interest of the Debtor becomes a tenancy in common and the judicial lien is avoided as to the Debtor's one-half undivided interest. Should the tenancy by entirety be terminated by the death of the non-debtor spouse, the judicial lien is avoided as to the entire interest of the Debtor in the property. Should the tenancy by entirety be terminated by the transfer of the property from the non-debtor spouse to the Debtor, the judicial lien is avoided as to the Debtor's entire interest in the property.